

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-24-00120-CV |
| GILBERT MARTINEZ AND ALFREDO GARCES, | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relators. | § | |
| | § | |

## MEMORANDUM OPINION

Relators Gilbert Martinez and Alfredo Garces (collectively, Martinez) ask us to direct the Honorable Sergio Enriquez, Presiding Judge of the 448th Judicial District Court of El Paso County, to order Real Parties in Interest Robert Lopez and R. Lopez Scrap Metal, LLC (collectively, Lopez) to "comply with the prior [post-judgment discovery] orders of the [trial court] and produce the requested documents for the prior four years and pay sanctions[.]"[1]

We recently denied Martinez's identical petition for writ of mandamus for failure to attach a sufficient record, which left us unable to determine whether the trial court clearly abused its discretion in its handling of the post-judgment discovery disputes. *In re Martinez*, No. 08-24-

---

[1] Lopez was given an opportunity to respond to Martinez's petition but failed to do so; accordingly, we decide this matter based on the petition and the record.

00023-CV, 2024 WL 1723958, at *1–2 (Tex. App.—El Paso Apr. 22, 2024, orig. proceeding) (mem. op.). We noted that the record failed to include, at a minimum: "(1) the discovery requests at issue; (2) the discovery responses at issue; (3) the response(s), if any, to the discovery motions at issue; (4) a transcript of relevant hearings held on the motions; and (5) the trial court's register of actions or docket sheet." *Id.* at *2 (footnotes omitted).

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). As the petitioner, Martinez bore the burden of providing this Court with a sufficient record to establish a right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *see* Tex. R. App. P. 52.7. After reviewing Martinez's new petition and the accompanying record, we conclude the petition does not comply with Texas Rule of Appellate Procedure 52.7. This mandamus record includes Martinez's discovery requests, but no responses; Martinez's discovery motions, but no responses; and the docket sheet noting several hearings held on the pertinent motions, but no reporter's records on those hearings. As to the last item, the trial court's statements at the hearings are relevant to the record in the present mandamus petition, even though normally, if no evidence was presented at the hearings, Martinez would merely bear a burden of filing an affidavit so stating. Tex. R. App. P. 52.7(a)(2); *Walker*, 827 S.W.2d at 837 n.3.

Because Martinez did not provide a record sufficient to establish a right to mandamus relief, we deny the petition for writ of mandamus without prejudice.[2]

---

[2] We note that the list of missing items we mention is not necessarily exhaustive. For example, if the contents of any of the listed items point to other items necessary to make the record complete, such items must be included in the record as well.

LISA J. SOTO, Justice

May 31, 2024

Before Palafox, J., Soto, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge) (Sitting by Assignment)